# Chesapeake & Ohio Railway Company v. Robbins.

(Decided June 20, 1913).

## Appeal from Bath Circuit Court.

Damages—Overflow from Obstruction of Creek—Negligence—Omission to Pass on Question Raised by Cross Appeal—Extension of Opinion.—In the original opinion in 154 Ky., 387, the question raised by appellee's cross appeal was inadvertently overlooked. The claim for damages arising out of the overflow of the personal property was properly pleaded, and its consequent injury sufficiently alleged. There was no question of limitation, and appellee's right to a recovery of damages for the injury to the personal property is apparently as valid as was her claim for damages for injuries sustained to her real estate, and the lower court erred in sustaining the demurrer to the amended petition, so the judgment sustaining the demurrer to the amended petition is reversed, though the judgment from which the main appeal was prosecuted was properly affirmed.

SHELBY & SHELBY, LEWIS APPERSON, R. N. NORTHCUTT and H. C. GUDGELL for appellant.

C. W. GOODPASTER, JOHN A. DAUGHERTY for appellee.

EXTENSION OF THE OPINION BY JUDGE SETTLE—Reversing on Cross Appeal.

In the opinion handed down in this case we inadvertently overlooked and omitted to pass on, the question raised by appellee's cross appeal. It appears from the record that after the principle issues had been completed, appellee filed an amended petition, wherein it was, in substance, alleged that at the time of the first overflow of her lots and houses by the alleged obstruction of the waters of Salt Lick and Mud Lick Creeks from the abutments, piers and embankments, connected with apellant's bridges over those streams, she owned and had in one of the houses household goods of value, which were subjected to overflow and thereby damaged to the amount of $205. For some reason not stated in the record, the circuit court sustained a demurrer to the amended petition, to which appellee, at the time excepted, and the cross appeal presents for review this ruling. We think the court erred in sustaining the demurer. The claim for damages arising out of the overflow of appellee's personal property was properly pleaded and its consequent injury sufficiently alleged. There was no question of

limitation, and appellee's right to a recovery of damages for the injury to the personal property, is apparently as valid as was her claim to damages for the injuries sustained, from the same cause, and at the same time, to her real estate. If she had a right of action for the latter she has for the former, on the grounds stated in the original opinion. At any rate she should have been allowed an opportunity to establish her right to the damages to the personal property claimed. So while the judgment, from which the main or original appeal was prosecuted, was properly affirmed, the judgment sustaining the demurrer to the amended petition must be and is reversed on the cross appeal, and remanded for a trial as to the question of damages claimed to the personal property.